OPINION
{¶ 1} Appellant, the state of Ohio appeals from the decision of the Lake County Court of Common Pleas determining that appellee, Tina Gomez, is a sexually oriented offender. The state contends that Gomez should have been labeled a sexual predator.
 {¶ 2} On October 11, 1996, Gomez pled guilty, pursuant to NorthCarolina v. Alford (1970), 400 U.S. 25, to two counts of attempted rape and one count of attempted felonious sexual penetration. The trial court sentenced Gomez to an indefinite term of incarceration of 8 to 15 years for each of the three offenses. The sentences were to be served concurrently.
 {¶ 3} On October 3, 2001, Gomez appeared before the trial court for a sexual predator determination hearing. The parties agreed that Gomez had been convicted of a sexually oriented offense and remained incarcerated. The parties stipulated that Gomez was twenty-nine years of age at the time of the commission of the offense, she had a prior record for contempt of court, resisting arrest, and disorderly conduct, and that the three victims were Gomez's daughters, who were then between two and five years old. Gomez stipulated to the fact that there were multiple victims involved. Gomez has been diagnosed with manic depression, a mood disorder, and a disassociative disorder. The defense refused to stipulate to whether there was a pattern of abuse in the case or to Gomez's history of mental health.
 {¶ 4} Dr. John Fabian, a clinical psychologist, testified that he interviewed Gomez on September 17, 2001. Dr. Fabian noted Gomez had a history of alcohol and illicit drug abuse, beginning at the age of thirteen. In her lifetime, Gomez has been diagnosed with a disassociative disorder, post-traumatic stress disorder, mixed personality, borderline and dependent personality trait, alcohol dependency, bipolar disorder, and depression. Dr. Fabian concluded Gomez had severe mental illness but did not necessarily agree with all the prior diagnosis. Dr. Fabian did not feel Gomez offended for a long enough time to qualify for pedophilia. Dr. Fabian believed Gomez had a moderate risk to re-offend. Dr. Fabian stated he would classify Gomez as a sexually oriented offender.
 {¶ 5} No other witness testified at the hearing. The trial court determined that Gomez was a sexually oriented offender, finding the state did not present clear and convincing evidence she was a sexual predator. On October 26, 2001, the trial court issued its judgment entry, finding there was not clear and convincing evidence that Gomez was a sexual predator. The court found that Gomez's prior convictions were not for sexual offenses. The court noted that Gomez had not been adjudicated as being mentally ill but did suffer from serious mental problems. The court found that the sexual offenses demonstrated a pattern of abuse, occurring from October 15, 1992 through December 26, 1992, and involved oral sex as well as anal and vaginal penetrations. Further, Gomez condoned and supported the crimes committed by her common-law husband, currently serving a lifetime sentence for sexual offenses against the girls, who made verbal and physical threats to obtain the children's compliance. The court found Gomez to be a sexually oriented offender.
 {¶ 6} The state assigns the following error for review:
 {¶ 7} "[1.] The trial court committed reversible error by failing to label the defendant-appellee a sexual predator when such decision was clearly counter to the manifest weight of the evidence."
 {¶ 8} In its sole assignment of error, the state claims that the manifest weight of the evidence supported a determination that Gomez be labeled a sexual predator and not a sexually oriented offender. The state argues that Gomez was convicted of three sexually oriented offenses and that a number of the factors set forth in R.C. 2950.09(B)(2) were clearly established, thereby supporting a finding that Gomez is a sexual predator. The state points out that Gomez was twenty-nine years old at the time of the commission of the offenses, showing the acts were not the product of a youthful mistake but the choice of an adult woman to sexually abuse her toddler and preschool daughters. The state contends that the extreme youth of the multiple victims shows that Gomez is a sexual predator. Gomez also assisted her common-law husband in raping the girls. The state relies upon the prior criminal record and mental illness of Gomez to support its argument. The state argues that the demonstrated pattern of sexual abuse of her own daughters shows that Gomez should be determined a sexual predator. Further, Gomez was aware that her common-law husband used verbal and physical threats to the three little girls in order to further his sexual abuse. Also, Gomez has never accepted full responsibility for her own acts, completed a prison sexual offender treatment program, or shown remorse.
 {¶ 9} A trial court's sexual predator determination will not be reversed by an appellate court unless the manifest weight of the evidence fails to support the trial court's decision. State v. Cook (1998),83 Ohio St.3d 404. An appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving conflicts in the evidence, the trial court clearly lost its way and created such a manifest miscarriage of justice that the determination must be reversed and a new trial ordered. State v. Swank, 11th Dist. No. 98-L-049, 2001-Ohio-8833, 2001 Ohio App. LEXIS 5846.
 {¶ 10} R.C. 2950.01(E) defines a sexual predator as a "person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." The trial court must determine, by clear and convincing evidence, that the offender has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses before adjudicating him a sexual predator. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is that proof which establishes in the mind of the trier of fact a firm conviction as to the allegations sought to be proved. Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 11} In making this determination, the trial court must consider all relevant factors, including, but not limited to, all of the following: (a) the offender's age; (b) the offender's prior criminal record; (c) the age of the victim of the sexually oriented offense; (d) whether the sexually oriented offense involved multiple victims; (e) whether the offender used drugs or alcohol to impair the victim or prevent the victim from resisting; (f) if the offender previously had been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense, and if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sex offenders; (g) any mental illness or mental disability of the offender; (h) the nature of the offender's sexual conduct, contact, or interaction in a sexual context with the victim and whether the conduct was part of a demonstrated pattern of abuse; (i) whether the offender, during the commission of the offense, displayed cruelty or threatened cruelty; and (j) any additional behavioral characteristics that contribute to the offender's conduct. R.C. 2950.09(B)(2)(a) through (j). A trial court's determination regarding whether a defendant is a sexual predator may be appealed by either the offender or the prosecutor, as a matter of right. R.C. 2950.09(C)(2)(b)(v).
 {¶ 12} The appeal hinges on whether Gomez is likely to engage in one or more sexually oriented offenses in the future. The state relies upon a number of factors which it contends supports the argument that Gomez is prone to recidivism. Gomez's age of twenty-nine at the time of the commission of the offenses shows she was mature enough to have known her conduct was wrong. However, her prior criminal record does not necessarily indicate she is likely to commit a sex offense in the future. The tender years of the multiple victims is troubling, as the oldest was five years old at the time of the abuse. Gomez took advantage of helpless victims. The state also relies upon the mental illness of Gomez to support its contention that she is a sexual predator. The state's expert witness, Dr. Fabian, concluded Gomez should be classified as a sexually oriented offender. Therefore, the state's own expert supports the trial court's ruling, rather than the state's appeal. Dr. Fabian decided that Gomez was not a pedophile because the abuse took place over a span of two months, rather than a longer period of time. The course of conduct of the offenses was not sufficient for Gomez to be deemed a pedophile and supports the trial court's ruling.
 {¶ 13} The state also argues that Gomez never took full responsibility for her own actions. It must be noted that Gomez entered an Alford plea, although she pled guilty. Gomez almost immediately asked the trial court to withdraw her plea. Therefore, Gomez's continued denial of responsibility is consistent. A defendant who maintains their innocence is in a "Catch 22" situation as they are required to act guilty despite their claim of non-guilt or something less than guilt. For example, the state next argues that Gomez never completed a sexual offender program while in prison. When asked if such a program existed at the prison where she is incarcerated, Gomez replied she was unaware of a program. The state offered no evidence to show the existence of a sexual offender program at Marysville prison. The state's argument on appeal in this regard is disingenuous, at best.
 {¶ 14} Gomez suffers from a number of psychological disorders. Gomez has a long-standing problem with alcohol and narcotics. She began drinking alcohol and using marijuana at the age of thirteen. Between the ages of thirteen and eighteen, Gomez drank more than a case of beer per week. In 1988, Gomez started using cocaine. By 1993, Gomez was drinking everyday and experiencing blackouts and withdrawal symptoms.
 {¶ 15} Gomez recounted being involved in several physically abusive relationships. Gomez aided her husband in sexually molesting their children. The couple was in drug rehabilitation and lived out of their car at times. Dr. Fabian concluded in his report that Gomez was at a risk for future sex offending under times of stress, when abusing substances, and when she is involved in dysfunctional relationships.
 {¶ 16} Gomez's problems arose from her abuse of alcohol and narcotics and not as a need for sexual gratification. Gomez committed the acts in question while abusing substances and while under the influence of her husband. The abuse suffered by the children at the hands of their parents was horrific and could be used as a basis for their loss of custody. However, the evidence indicates that Gomez is an alcohol and drug abuser, not a pedophile.
 {¶ 17} The trial court's ruling was supported by the evidence given by the state's only expert witness. The expert concluded Gomez had a moderate risk of re-offending. No other witness testified at the hearing. After carefully considering the record before this court, we find the trial court's decision is supported by the record. The credibility of witnesses and what weight is to be accorded the evidence is primarily for the trial court to determine. The conclusions reached by Dr. Fabian in his psychological evaluation is part of the determination of the weight of the evidence. The trial court accepted Dr. Fabian's conclusion that Gomez should be labeled a sexually oriented offender. We do not see how the trial court lost its way and created a manifest miscarriage of justice in determining that Gomez is a sexually oriented offender and not a sexual predator. The state's sole assignment of error is not well-taken. The judgment of the Lake County Court of Common Pleas is affirmed.
DONALD R. FORD, P.J., concurs.